UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID BRIAN MORGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV424-262 |
| US GOVERNMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

*Pro se* plaintiff David Brian Morgan has filed this case asserting 42 U.S.C. § 1983 claims arising out of the disposition of various *habeas corpus* petitions.[1]  *See* doc. 1.  He moves to proceed *in forma pauperis*.

---

[1] Morgan's Complaint names as a defendant "Magistrate Judge – U.S. District Court," with an address in Savannah, Georgia.  Doc. 1 at 2.  On the one hand, that reference might refer to the undersigned.  The allegations of the Complaint, however, refer to "a memorandum [filed] with the State of Georgia giving the court 21 days to fix what the Magistrate Judge did by not granting counsel for Petitioner, no jury trial."  *Id.* at 4.  Although the Court will not pre-screen any asserted claim against the unidentified Magistrate Judge, it will note a few points in passing that inform the undersigned's decision not to recuse.

Recusal is governed by two separate statutes, 28 U.S.C. §§ 144 and 455.  *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012).  Under § 144, a judge must recuse himself when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).  First, Morgan has filed no motion to recuse and his Complaint, which includes the ambiguous allegation, is not sworn and so cannot be construed as an "affidavit."  *See generally* doc. 1.  Section 455 "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist."  *United States v.*

1

Doc. 3.  Review of that request shows that Morgan is not indigent, and his Motion for leave to proceed IFP is therefore **DENIED**.  Doc. 3.

Morgan's application to proceed *in forma pauperis* states that he has $1,300 in his prisoner trust account.  Doc. 3 at 3.  Although it includes a notation that $125 savings is "mandatory," even assuming that the available balance is only $1,175, Morgan clearly has sufficient funds to prepay the required filing fee.  *See, e.g.,* 28 U.S.C. § 1914.

---

*Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987) *superseded by statute on other grounds as recognized by J.W. v. Birmingham Bd. of Educ.*, 904 F.3d 1248 (11th Cir. 2018). For a judge to properly abandon his duty to hear cases pursuant to § 455(a) he must consider "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal citations and quotations omitted).  "Bias sufficient to disqualify a judge under section 455(a) . . . must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (internal quotation marks and citation omitted).  Under this so called "extrajudicial source doctrine," "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Holt v. Givens*, 757 F. App'x 915, 919 (11th Cir. 2018).  "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings," even if the judge sits in successive proceedings involving the same party.  *Liteky*, 510 U.S. at 551.  Although the undersigned was involved in a case purportedly filed by Morgan's father concerning Plaintiff's conviction, *see* [*C. Wayne*] *Morgan v. Warden Joseph Harp Corr. Ctr.*, 2024 WL 4867066, at *1 n. 1 (Nov. 22, 2024), Plaintiff has never filed a case in this Court. Finally, Plaintiff affirmatively consented to the undersigned's jurisdiction over this case.  Doc. 6.  That consent, coupled with the ambiguous nature of the Complaint's allegations, lead the undersigned to conclude that recusal under § 455 is not appropriate at this time.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application). Two important points must again be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given Morgan's admitted ability to pay the required filing fee, he is not indigent. Accordingly, his application to proceed *in forma pauperis* is **DENIED**. Doc. 3. Morgan is **DIRECTED** to remit the

$405 filing fee by no later than twenty-one days from the date of this Order.  *See* S.D. Ga. L. Civ. R. 4.2(2).

Morgan has also filed several other motions that may be resolved immediately.  First, he has filed a Motion for Jury Trial. Doc. 8. Morgan's Complaint has already preserved any right to a jury trial he may have in this matter.  *See* doc. 1 at 1; Fed. R. Civ. P. 38(b)(1).  His Motion is, therefore, **DISMISSED** as moot.  Doc. 8.  Second, Morgan has filed a Motion for Service of Process and a Motion for Obstruction of Justice, respectively seeking issuance of a summons, pursuant to Rule 4, doc. 9, and objecting that such process has not issued, doc. 10.  Because Morgan's request to proceed *in forma pauperis* was unsigned, *see* docs. 3 & 4, until that defect was corrected, *see* doc. 7, he had neither paid the filing fee nor moved to proceed *in forma pauperis*.  Until a filing fee is paid or leave to proceed *in forma pauperis* is granted, a complaint is not deemed filed, within the meaning of Federal Rule of Civil Procedure 4(b).  *See, e.g., Lucy v. Walter Mortg. Co.*, 2008 WL 4490621, at *1 (S.D. Ala. Sept. 29, 2008) (collecting cases).  Moreover, as explained above, since the Motion to proceed *in forma pauperis* is denied and no filing fee has yet been paid, issuance of a summons remains premature.  *See id.* (quoting *McDowell v.*

4

*Lugo-Janer*, 2007 WL 4557178, at *1 (M.D. Fla. Dec. 20, 2007)) ("Simply put, federal courts will ordinarily refuse to allow the litigation to proceed beyond the filing of a complaint until the fee is paid or a motion to proceed *in forma pauperis* is approved." (internal quotation marks omitted)). Since any request for the Clerk to issue summonses is premature, given the unresolved issue of Morgan's filing fee, his Motions are **DISMISSED** as unripe.  Docs. 9 & 10.

Moreover, even assuming that Morgan pays the filing fee and this case proceeds, it will still be subject to screening, pursuant to 28 U.S.C. § 1915A.  *See, e.g., Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) ("[Section] 1915A does not distinguish between *in forma pauperis* plaintiffs and plaintiffs who pay the filing fees.").  Courts have recognized that prisoners' attempts to effect service prior to the required § 1915A screening are void.  *See, e.g., Nalls v. Montgomery Cnty. Prosecutor's Office*, 2022 WL 22854894, at *1 (S.D. Ohio Oct. 7, 2022) (concluding "because 28 U.S.C. § 1915A(a) requires the Court to screen the Complaint before it is served, none of this service was proper," and quashing purported service).  The Court will direct the Clerk to issue summonses

5

only if Morgan pays the required filing fee and the Court determines that his claims should not be dismissed pursuant to § 1915A.

**SO ORDERED**, this 19th day of September, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA